UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNIVERSAL CITY STUDIOS PRODUCTIONS LLLP., a Delaware limited liability partnership; and PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>COURTNEY FRANKLIN,<br><br>　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>) NO: 2:06-CV-136<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

Before the Court is Plaintiffs' Application for Entry of Default Judgment by the Court [DE 14]. Plaintiffs allege that Defendant Courtney Franklin used an online media distribution system to distribute and make available to the public motion pictures copyrighted to Plaintiffs. (Am. Compl. ¶¶ 9-11.) Because Defendant Courtney Franklin has failed to answer or otherwise defend this lawsuit, Plaintiffs' Application for Entry of Default Judgment is granted.

**I. BACKGROUND**

Plaintiffs in this action are motion picture creators and distributors, and are the copyright owners under the Copyright Act of various motion pictures, including "The Honeymooners" and "American Wedding." (Am. Compl. Ex. A.) In the one count asserted in their Amended Complaint, Plaintiffs claim that Defendant, without their permission, used an online media distribution system to distribute, and make available for distribution, those copyrighted motion pictures. (*Id.* at ¶¶ 9-11.) Plaintiffs thus allege that "Defendant's actions constitute

infringement of the Plaintiffs' exclusive rights protected under the Copyright Act of 1976." (*Id.* at ¶ 11.)  Further, Plaintiffs also allege that Defendant's violations were "willful, intentional, and in disregard of and with indifference to the rights of the Plaintiffs." (*Id.* at ¶ 12.)

Plaintiffs filed a complaint in this matter on April 6, 2006 [DE 1]. Defendant was served with a Summons and the Complaint on April 6, 2006 by personal service [DE 6]. Plaintiffs then filed an amended complaint [DE 7] on April 11, 2006, and hand-delivered the amended complaint to Defendant's husband on the same day [DE 8]. A copy of the amended complaint was also mailed to Defendant [*Id.*]. Defendant failed to appear, plead or otherwise defend the lawsuit as provided by the Federal Rules of Civil Procedure.

In response to the Court's inquiry and order, Plaintiffs filed affidavits to demonstrate that Defendant is an adult. Elizabeth Doisy, a special paralegal with the law firm Loeb & Loeb LLP, stated that she spoke to Defendant before the action was filed. (Doisy Aff. ¶ 2 [DE 20].) Based on Defendant's voice and the way she spoke, Doisy never doubted that Defendant was an adult. (*Id.*) Doisy also submitted a Lexis-Nexis Accurint report suggesting that Defendant was born in 1971 and is therefore 35 years old. (*Id.* at ¶ 4 & Ex. B.) Furthermore, the process server, in his affidavit, indicated that he delivered the amended complaint to James Franklin, husband of Courtney Franklin, at the home address listed. (*See* Lebryk Aff. ¶ 2 [DE 8].) Finally, Karen Thorland, a partner with Loeb & Loeb LLP, stated that she has spoken to representatives of various internet service providers while involved in numerous lawsuits of this type. (Thorland Aff. ¶ 5 [DE 21].) Based on those discussions, it is her understanding that internet service providers "will not knowingly permit minors to open service accounts in their name only." (*Id.*)

Here, Defendant was the sole account holder.  (*Id.* at ¶ 4.)  Based on all the evidence provided to the Court, we now find that Defendant is not an infant.

On May 22, 2006, Plaintiffs sent Defendant a letter advising her that she was in default and that, if she failed to answer the lawsuit, a default judgment would be enforced against her.  (DeNeve Aff. ¶ 11 [DE 16].)  Defendant did not respond to the letter.  (*Id.*)  Plaintiffs then filed a Request to Enter Default with the clerk of the court on July 7, 2006 [DE 10], which the clerk entered on July 10, 2006 [DE 13].   On September 26, 2006, Plaintiffs filed an Application for Entry of Default Judgment [DE 14], which is presently before this Court.

Plaintiffs seek an award totaling $7,991.07.  This figure includes: (1) $6,000 for statutory damages provided by 17 U.S.C. § 504 ($3,000 each) for the two alleged infringements; and (2) $1,991.07 in costs and attorney's fees pursuant to 17 U.S.C. § 505.  (Pls.' App. at 2.)  Additionally, Plaintiffs seek an injunction pursuant to 17 U.S.C. § 502.  (*Id.*)

## II.  DISCUSSION

**A.**     **Entry of Default Judgment**

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment.  *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004) ("The Federal Rules of Civil Procedure make a clear distinction between the entry of default and the entry of a default judgment.")  Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).  *See Hill v. Barbour,* 787 F. Supp. 146, 148 n.4 (N.D. Ill. 1992).  Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend.  Fed. R. Civ. P. 55(a).  "This entry is recognition of the fact that a party is in default for a failure to comply with the rules."

3

*See Hill*, 787 F. Supp. at 148 n.4 (citing 6 Moore et al., Moore's Federal Practice ¶ 55.03 (2d ed. 1985)).

As the clerk has entered default against Defendant in this case [DE 13], this Court may now enter a default judgment under Federal Rule of Civil Procedure 55(b)(2).  Rule 55(b) gives district courts the power to enter default judgment, but requires courts to exercise sound judicial discretion when doing so.  *See  Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003); *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993).  To enter default judgment, the Court must conclude that Plaintiffs are entitled to judgment as a matter of law.  *See Cass County Music Co. v. Muedini,* 55 F.3d 263, 265 (7th Cir. 1995).  "In making this inquiry, the court must assume that the factual allegations are, by reason of the default, true."  *Id.* at 265-66.

When deciding a motion for default judgment, a court may consider a number of factors presented in the record, including the amount of money potentially involved, whether material issues of fact or issues of substantial public importance are to be decided, whether the default is largely technical, whether plaintiffs have been substantially prejudiced by the delay involved, and whether the grounds for default are clearly established or are in doubt.  10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* § 2685 (3d ed. 1998); *see also American Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co., Ltd.*, No. 99 C 6990, 2002 WL 484845, at *1 (N.D. Ill. March 29, 2002) (citing *Federal Practice and Procedure: Civil* § 2685).

In this case, the grounds for default judgment are clearly established.  First, the default goes beyond a mere technicality, as Defendant has not filed an answer or any responsive pleadings since Plaintiffs filed their amended complaint on April 11, 2006.  She also failed to respond to Plaintiffs' letter informing her that she was in default.  Defendant cannot be allowed

4

to completely ignore this suit. *See Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir. 1989) ("A trial court is entitled to say, under proper circumstances, that enough is enough.").

Further, material issues of fact are not in dispute. In order for Plaintiffs to establish the prima facie case of direct copyright infringement, they must satisfy two requirements: (1) they must show ownership of the allegedly infringed material; and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders. *See* 17 U.S.C. §§ 106, 501(a). The Supreme Court and the Seventh Circuit Court of Appeals have each relied upon the assumption that posting or downloading music files constitutes primary copyright infringement. *See BMG Music v. Gonzalez*, 430 F.3d 888, 889 (7th Cir. 2005), *cert. denied*, 126 S. Ct. 2032 (U.S. May 15, 2006) (citing *MGM Studios, Inc. v. Grokster, Ltd.*, 125 S. Ct. 2764 (2005)); *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003). Here, while we are confronted with the downloading and posting of motion pictures instead of music files, the underlying problem (unauthorized distribution of copyrighted material) remains the same. Plaintiffs pled that they owned the copyrighted materials specified in Exhibit A and that Defendant violated their exclusive rights to reproduce and distribute the copyrighted motion pictures to the public by distributing the copyrighted motion pictures via an online media distribution system. Therefore, the facts as stated in the Amended Complaint establish direct copyright infringement by Defendant.

Finally, Plaintiffs are entitled to the damages they request. Plaintiffs request allowable statutory damages for each copyright violation as well as a permanent injunction barring Defendant from further infringing activity. They also request an award of the costs of bringing

this action.  The total monetary award equals a relatively small figure ($7,991.07), and Plaintiffs' requests are reasonable and proper.

**B.      Monetary and Injunctive Relief**

Normally, upon considering a motion for default judgment, a court must have a hearing to determine damages.  *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  However, a hearing is not required if damages can be ascertained from the documentary evidence or in detailed affidavits.  *See id.*  An evidentiary hearing is unnecessary in this case.

The Copyright Act provides for both monetary and injunctive relief.  First, it provides that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)."  17 U.S.C. § 504(a).  Under § 504(c), the copyright owner may choose to recover statutory damages in lieu of actual damages any time prior to the entry of final judgment.  § 504(c)(1).  "This section provides that the author's entitlement, per infringed work, is 'a sum of not less than $750 or more than $30,000 as the court considers just.'" *BMG Music*, 430 F.3d at 891.  Second, § 502 authorizes the court to "grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  Finally, the Court has discretion to award costs and fees to the prevailing party.  *See* § 505.

Awards of statutory damages within the "statutory limits for copyright infringement damages is wholly within the trial court's discretion and sense of justice." *Weintraub/OKUN Music v. Atlantic Fish & Chips, Inc.*, No. 90 C 4938, 1991 WL 34713, at *5 (N.D. Ill. March 13,

1991) (citations and internal quotations omitted).  Here, Plaintiffs seek $3,000 for each of the two infringements alleged in the complaint, for a total of $6,000.  Although the minimum statutory award per infringement is $750, the additional amount requested per infringement in this case is justified.  As Plaintiffs point out, at the time of the infringement, one of the motion pictures, *The Honeymooners*, was either still in motion picture theaters and/or had not yet been released on DVD home video.  (Nguyen Decl., ¶ 5 [DE 17].)  Defendant was distributing a pirated copy of a motion picture that was unavailable to the public by any legal means except for viewing in a movie theater.  Thus, the Court finds that the damages sought by Plaintiffs are ascertainable from the Amended Complaint; an evidentiary hearing is unnecessary; and an award of $6,000 representing the allowable statutory damages for the two works infringed is appropriate.

   Plaintiffs' request for attorneys' fees and costs of $1,991.07 is also proper.  Courts have the power to award both attorneys' fees and costs under the Copyright Act, 17 U.S.C. § 505.  Because this case presents a defendant who intentionally distributed pirated material before that material was otherwise available to the general public, we find that an award of costs that includes Plaintiffs' attorneys' fees is reasonable.

   Finally, Plaintiffs request a permanent injunction barring Defendant from reproducing or distributing any of Plaintiffs' copyrighted works as well as requiring Defendant to destroy any works that she has already reproduced or distributed via the online media system.  Specifically, Plaintiffs request the following:

> Defendant shall be and hereby is enjoined from directly or
> indirectly infringing Plaintiffs' rights under federal or state law in
> the following copyrighted motion pictures:

- The Honeymooners;

- American Wedding;

> and any other motion picture, whether now in existence or later
> created, that is owned or controlled by Plaintiffs (or any parent,
> subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Motion Pictures"),
> including without limitation by using the Internet or any online
> media distribution system to reproduce (i.e. download) any of
> Plaintiffs' Motion Pictures, to distribute (i.e. upload) any of
> Plaintiffs' Motion Pictures, or to make any of Plaintiffs' Motion
> Pictures available for distribution to the public, except pursuant to
> a lawful license or with the express authority of Plaintiffs.
> Defendant also shall destroy all copies of Plaintiffs' Motion
> Pictures that Defendant has downloaded onto any computer hard
> drive or server without Plaintiffs' authorization and shall destroy
> all copies of those downloaded recordings transferred onto any
> physical medium or device in Defendant's possession, custody, or
> control.

(Pls. Proposed Ord.)

District courts in the Seventh Circuit have approved permanent injunctions when granting default judgments against individuals whose actions infringed copyright law. In *Columbia Pictures*, the district court granted default judgment against a website operator who, without authorization, allowed users to download copyrighted movies and television shows. *Columbia Pictures Indus., Inc. v. May*, No. 04-C-1192, 2006 WL 1085120, at *1-2 (E.D. Wis. April 24, 2006). In addition to granting statutory damages, the court, pursuant to 17 U.S.C. § 502(a), permanently enjoined the defendant from continuing to infringe the plaintiffs' copyrights. *See id.* The court reasoned that the plaintiffs' injuries were "irreparable" and could not be adequately compensated by monetary damages alone. *Id.* at *1. The court concluded that the plaintiffs risked continued injury unless the defendant was permanently enjoined from infringing the plaintiffs' copyrights. *Id.*

8

This Court previously issued the same injunction sought in the present action, thereby enjoining a defendant from unlawfully downloading and/or distributing movie pictures. *See Lions Gate Films, Inc. v. Robson*, No. 2:05-CV-358, 2006 U.S. Dist. LEXIS 47690 (N.D. Ind. July 6, 2006). It also has issued similar injunctions in the music download context. *See UMG Recordings, Inc. v. Davito*, No. 2:04CV479, 2005 WL 3776349 (N.D. Ind. June 17, 2005). In *UMG Recordings*, this Court acknowledged that monetary damages inadequately address the harm caused by copyright infringement through the unauthorized use of online media distribution systems that is accessible by "tens of millions of potential users." *Id.* at *3 (internal citations omitted). With these considerations in mind, the Court finds that the permanent injunction requested here is appropriate.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' Application for Entry of Default Judgment [DE 14] is **GRANTED**. It is also **ORDERED** that:

1. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the motion pictures listed in Exhibit A to the Amended Complaint, in the total principal sum of Six Thousand Dollars ($6,000.00);

2. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted motion pictures:

- The Honeymooners;
- American Wedding;

and any other motion picture, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate of Plaintiffs) ("Plaintiffs' Motion

Pictures"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e. download) any of Plaintiffs' Motion Pictures, to distribute (i.e. upload) any of Plaintiffs' Motion Pictures, or to make any of Plaintiffs' Motion Pictures available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.  Defendant also shall destroy all copies of Plaintiffs' Motion Pictures that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control; and

> 3.  Defendant shall pay Plaintiffs' attorneys' fees and costs of suit in the amount of One Thousand Nine Hundred Ninety-One Dollars and Seven Cents ($1,991.07).

The Clerk is directed to enter **FINAL JUDGMENT** stating that Plaintiffs are entitled to the relief stated herein.  The Clerk is further directed to treat this matter as **TERMINATED**.

**SO ORDERED.**

ENTERED: April 5, 2007

> s/ Philip P. Simon
> PHILIP P. SIMON, JUDGE
> UNITED STATES DISTRICT COURT